# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:22-cv-00774- |
| v. | § | ADA-DTG |
| | § | |
| QUALCOMM INC. AND QUALCOMM | § | |
| TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## QUALCOMM INC.'S AND QUALCOMM TECHNOLOGIES, INC.'S MOTION FOR PARTIAL DISMISSAL

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     LEGAL STANDARDS ................................................................................... 1

    A.    Rule 12(b)(6) Standard ......................................................................... 1

    B.    Properly Pleading Compliance with 35 U.S.C. § 287 and Marking ............................... 2

    C.    Properly Pleading Willful Infringement ................................................ 3

    D.    Properly Pleading Indirect Infringement .............................................. 4

    E.    Properly Pleading Joint Infringement ................................................... 4

    F.    Properly Pleading a Claim for Injunctive Relief ................................... 4

    G.    Properly Pleading Joint and Several Liability ...................................... 5

III.    ARGUMENT ................................................................................................ 5

    A.    AmPat's Pre-Suit Damages Claim Should be Dismissed ................................... 5

    B.    AmPat's Pre-Suit Willful and Indirect Infringement Claims Should be Dismissed........ 7

        1.    AmPat's allegations of pre-suit knowledge of the '782 Patent via prosecution is too tenuous and insufficient, and its allegations of pre-suit knowledge of the '458 and '304 patents are based on implausible inferences ....................................... 8

        2.    AmPat's allegations of pre-suit knowledge of infringement of the Asserted Patents are insufficient ................................................................................... 11

        3.    AmPat has not alleged plausible facts of willful blindness by Defendants ............... 12

    C.    AmPat's Post-Suit Indirect Infringement Claims Should be Dismissed ....................... 14

        1.    AmPat's induced infringement allegations fail to plead plausible facts of specific intent by Defendants ............................................................................... 14

        2.    AmPat's contributory infringement allegations fail to plead plausible facts of no substantial non-infringing uses by Defendants ........................................... 15

    D.    AmPat's Joint Infringement Claim Should be Dismissed ................................... 16

    E.    AmPat's Injunctive Relief Claim Should be Dismissed ..................................... 18

    F.    AmPat's Claim for Joint and Several Liability Should be Dismissed ........................ 18

IV.     CONCLUSION .............................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................................4, 14

*Amsted Indus. Inc. v. Buckeye Case Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994).......................................................................................2

*Anderson v. Wells Fargo Bank, N.A.*,
953 F.3d 311 (5th Cir. 2020) ......................................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020)..................................................................................2, 6

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)............................................................................2, 3, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................1, 13, 15, 17, 19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................1, 13, 15, 17

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)...................................................................................15

*BillJCo, LLC v. Apple Inc.*,
No. 6:21-CV-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022).........................11, 13

*Broadcom Corp. v. Qualcomm Inc.*,
543 F.3d 683 (Fed. Cir. 2008).....................................................................................14

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015).................................................................................................11

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).........................17

*Dunlap v. Schofield*,
152 U.S. 244 (1894)...................................................................................................3

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ............................................12

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)...............................................................................................5, 18

*Florance v. Buchmeyer*,
   500 F. Supp. 2d 618 (N.D. Tex. 2007) ............................................................5, 18, 19

*FMC Corp. v. Up-Right, Inc.*,
   816 F. Supp. 1455 (N.D. Cal. 1993) ........................................................................19

*Global-Tech v. SEB S.A.*,
   563 U.S. 754 (2011) ...........................................................................................12, 13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) .........................................................................................3, 12

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-cv-06137-HSG, 2019 WL 1455336 (N.D. Cal. April 2, 2019) ...................14

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..........................2

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
   No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ...................14

*K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*,
   52 Fed. App'x 135 (Fed. Cir. 2002) ..........................................................................6

*Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*,
   No. 5:11-cv-163-XR, 2013 WL 2453267 (W.D. Tex. June 4, 2013) .......................15

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) ...................................................................................7

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016)............................................................................4, 17

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
   No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .........................18

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-CV-00036-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) .............10

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996)......................................................................................6

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
   No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ...........11

*Nonend Inventions, N.V. v. Apple Inc.*,
   No. 2:15-cv-466-JRG, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016).....................13

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir. 2007) .......................................................................................5

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)...............2, 3, 11, 15

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
  No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017)..........................................9

*Spherix Inc. v. Juniper Networks, Inc.*,
  No. 14-cv-578, 2015 WL 1517508 (D. Del. Mar. 31, 2015)....................................................9

*State Indus. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985).........................................................................................10

*Valinge Innovations AB v. Halstead New England Corp.*,
  No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ......................................3

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
  2012 WL 1831543 (N.D. Cal. 2012) ..................................................................................10

*Veritas Operating Corp. v. Microsoft Corp.*,
  562 F. Supp. 2d 1141 (W.D. Wash. 2008)...........................................................................9

*VLSI Tech., LLC v. Intel Corp.*,
  No. 6:19-cv-0254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) .............................13

**Rules and Statutes**

35 U.S.C. § 271 ............................................................................................................................4

35 U.S.C. § 287 ..............................................................................................................1, 2, 3, 6, 7

35 U.S.C. § 284 ............................................................................................................................3

## I.      INTRODUCTION

Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm") move to dismiss Plaintiff American Patents LLC's ("AmPat's") claims for pre-suit damages, pre-suit willful infringement, indirect infringement, joint infringement, and injunctive relief pursuant to Rule 12(b)(6).   AmPat failed to plausibly plead or otherwise establish constructive or actual pre-suit notice of alleged infringement to support a claim for pre-suit damages under 35 U.S.C. § 287.   Further, AmPat failed to plausibly plead enough facts to support its claim for pre-suit willful infringement or indirect infringement.   AmPat also fails to plausibly plead the specific intent and no substantial noninfringing uses element of its claims for post-suit indirect infringement.   AmPat further fails to plausibly plead facts necessary to support claims of joint infringement and joint and several liability as it conclusorily alleges.   And AmPat has not even pled elements required to sustain a claim for injunctive relief, including any irreparable harm.

## II.     LEGAL STANDARDS

### A.      Rule 12(b)(6) Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id*.   Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."   *Id*.   Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting all of the complaint's well-pleaded

facts as true, [while] . . . disregard[ing] any legal conclusions.  Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (internal citations and quotations omitted, alterations in original).  "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (report and recommendation).

### B.    Properly Pleading Compliance with 35 U.S.C. § 287 and Marking

"Pursuant to 35 U.S.C. § 287(a), a patentee [or its licensee] who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*").  "If a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Id*. at 1366 (citation omitted); *see also* 35 U.S.C. § 287(a). "A patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Arctic Cat I*, 876 F.3d at 1366.  "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*") (quoting *Amsted Indus. Inc. v. Buckeye Case Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)).  Section 287 "is not directed to the infringer and does not contemplate mere knowledge of the infringer as sufficient to discharge the notice requirements placed on the patentee." *Id*. at 866.  Indeed, even where pre-suit knowledge of a patent and infringement is sufficient to support a finding of willfulness, such knowledge "does not serve as actual notice as contemplated by § 287." *Id*.  "While willfulness

turns on the knowledge of an infringer, § 287 is directed to the conduct of the patentee. The marking statute imposes notice obligations on the patentee, and only the patentee is capable of discharging those obligations." *Id*.

The patentee bears the burden of pleading compliance with the marking statute. *See Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("[T]he duty of alleging and the burden of proving either [marking or notice] is upon the plaintiff."); *Arctic Cat I*, 876 F.3d at 1366 ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement.").

### C.    Properly Pleading Willful Infringement

Section 284 of the Patent Act allows a patentee to seek enhanced damages. 35 U.S.C. § 284 (a Court may "increase the damages up to three times the amount found or assessed"). The Supreme Court has explained that willfulness, and the resulting increased damages under § 284, should be limited to "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Whether the alleged infringement is egregious enough to justify enhanced damages turns on an assessment of the accused infringer's state of mind. *See id*. at 1933 ("[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct.").

A claim of willful infringement is a serious charge. It accuses a defendant of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. Accordingly, a claim of willful infringement cannot be pleaded in a perfunctory manner with mere boilerplate allegations. To state a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3 (quoting *Valinge*

*Innovations AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

### D.    Properly Pleading Indirect Infringement

Under 35 U.S.C. §§ 271(b) and (c), a defendant may be found to be an indirect infringer if it induces or contributes to the infringement of a third party. To properly plead induced infringement under 35 U.S.C. § 271(b), a complaint "must allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). To properly plead contributory infringement under 35 U.S.C. § 271(c), a complaint must allege facts plausibly showing that the accused infringer sells within or imports into the United States a component of a patented apparatus or one for use in practicing a patented process and: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Id.* at *8.

### E.    Properly Pleading Joint Infringement

To successfully plead joint infringement, plaintiffs must present factual allegations leading to a "reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).

### F.    Properly Pleading a Claim for Injunctive Relief

To establish entitlement to injunctive relief, a plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are

inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

### G.    Properly Pleading Joint and Several Liability

"Joint and several liability is not an independent cause of action, but is a description of the extent of an individual defendant's liability for harm that is caused by the individual defendant together with others." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 627 (N.D. Tex. 2007). "[J]oint and several liability is a theory of recovery which requires that plaintiffs . . . establish that each defendant acted in concert to produce a single, indivisible injury." *Id.*

## III.    ARGUMENT

### A.    AmPat's Pre-Suit Damages Claim Should be Dismissed

AmPat has not plausibly alleged that it provided actual or constructive notice of alleged infringement pre-suit, requiring dismissal of AmPat's claim for pre-filing damages.  First, the Complaint never contends AmPat affirmatively put the Defendants on notice, *i.e.,* actual notice. Second, the Complaint is silent as to whether AmPat's prior licensees properly marked products previously alleged by AmPat to infringe the Asserted Patents.[1]  Having failed to satisfy either type of notice required under 35 U.S.C. § 287(a), AmPat cannot seek pre-suit infringement damages. This is not the first suit involving the Asserted Patents.[2]  Indeed, AmPat has alleged infringement

---

[1] AmPat asserts that the Qualcomm infringes claims of U.S. Patent Nos. 7,088,782 ("the '782 patent"), 7,310,304 ("the '304 patent"), and 7,706,458 ("the '458 patent") (collectively, "Asserted Patents").  *See generally* Dkt. 1 (Complaint).

[2] The Court may take judicial notice of these filings and still consider this a motion to dismiss. *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (courts may take judicial notice of public records in prior judicial proceedings); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of

of these patents in over 50 litigations, with the majority having already terminated, including many

that resulted in settlement and a license to the Asserted Patents.[3]  Ex. 1.  Despite this publicly

available history, conspicuously absent is any allegation that its licensees mark.  Rather, AmPat's

Complaint is silent on marking by its licensees, ignoring its licensees and merely stating:

> American Patents has neither made nor sold unmarked articles that practice the
> [Asserted Patents], and is entitled to collect pre-filing damages for the full period
> allowed by law for infringement of the [Asserted Patents].

Complaint at ¶¶ 35 (for the '782 patent), 52 (for the '304 patent), 73 (for the '458 patent).  Much

more is required to comply with the *Iqbol/Twombly* plausibility standard, particularly in view of

the public record reflecting AmPat's assertion of the Asserted Patents.

To recover damages for pre-suit infringement, a patentee's licensees must comply with the

marking provisions of Section 287(a).  *Arctic Cat II*, 950 F.3d at 864.[4]  At the pleading stage, the

patentee bears the burden of pleading facts that plausibly show it and its licensees complied with

Section 287(a).  *Arctic Cat I*, 876 F.3d at 1366–67.  AmPat fails to even conclusorily plead any,

---

matters of public record."); Fed. R. Evid. 201(b)(2) (A "court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[3] AmPat has entered settlement and/or license agreements with at least the following parties: Huawei Defendants (Ex. 2); ZTE Corp. (Ex. 3); Acer Inc. (Ex. 4); ASUSTeK Computer Inc. (Ex. 5); HP Inc. (Ex. 6); OnePlus Tech. (Shenzen) Co., Ltd. (Ex. 7); Panasonic Corp. of N. Am. (Ex. 8); TPV Defendants (Ex. 9); Sharp Corp. (Ex. 10); Tongfang Defendants (Ex. 11); TP-Link USA Corp. (Ex. 12); Coolpad Grp. Ltd. (Ex. 13); Fortinet, Inc. (Ex. 14); Sophos Ltd. (Ex. 15); Sagemcom Broadband SAS (Ex. 16); Altice Defendants (Ex. 17); Lanner Elecs. Inc. (Ex. 18); Epson Defendants (Ex. 19); Edimax Tech. Co., Ltd. (Ex. 20); Arista Networks, Inc. (Ex. 21); Extreme Networks, Inc. (Ex. 22); Roku, Inc. (Ex. 23); Sonim Techs., Inc. (Ex. 24); BRK Defendants (Ex. 25); Sierra Wireless, Inc. (Ex. 26); and Moxa, Inc. (Ex. 27).

[4] The § 287 provisions "apply to 'persons making or selling any patented article for or under [the patentees].'"  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (quoting 35 U.S.C. § 287(a)).  "Thus, licensees . . . and other authorized parties, such as [a licensee's] manufacturers, must also comply."  *Id.*; *see also K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*, 52 Fed. App'x 135, 141 (Fed. Cir. 2002).

let alone substantially all, of licensees to the Asserted Patents complied with § 287, or that AmPat undertook reasonable steps to ensure such compliance.

Having remained silent on marking by its licensees, AmPat must at best rely on actual notice to be entitled to pre-suit damages.  But AmPat's Complaint fails to allege that it provided actual notice of alleged infringement to Qualcomm.  "[T]he actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent *and the activity that is believed to be an infringement*, accompanied by a proposal to abate the infringement, whether by license or otherwise."  *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) (citation omitted, emphasis added).  "It is irrelevant [under § 287] . . . whether the defendant knew of the patent or knew of his own infringement.  The correct approach to *determining notice under [§] 287 must focus on the action of the patentee*, not the knowledge or understanding of the infringer."  *Id.* at 1360 (alterations in original, emphasis added, and citation omitted). Conspicuously absent from the Complaint is any ***action*** by AmPat that purportedly provided actual notice under § 287.

Thus, AmPat neither pleads *pro forma* compliance by any licensee of public record for the Asserted Patents, nor does (or can) AmPat plead its licensees have not made or sold unmarked articles.  Indeed, the public record precludes AmPat from disputing that its licensees were authorized and manufactured licensed products.  Thus, AmPat has not plausibly pled compliance with the marking statute; therefore, AmPat's claims for pre-suit damages must be dismissed.

### B.    AmPat's Pre-Suit Willful and Indirect Infringement Claims Should be Dismissed

AmPat's claims of pre-suit willful and indirect infringement are not plausibly pled, and should be dismissed.  Rather than facts, the Complaint offers conclusory statements regarding willful infringement: "Qualcomm has also indirectly and ***willfully infringed***, and continues to

indirectly and ***willfully infringe***, the [Asserted Patents]" (Complaint at ¶¶ 33 (for the '782 patent) (emphases added), 50 (for the '304 patent), 71 (for the '458 patent)), and willful blindness: "Qualcomm has a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others), and thus have been ***willfully blind*** of American Patents' patent rights" (Complaint at ¶¶ 99 (emphasis added)).  And AmPat's contentions as to pre-suit knowledge of the Asserted Patents for both willful and indirect infringement are not plausible.

> ### 1. *AmPat's allegations of pre-suit knowledge of the '782 patent via prosecution is too tenuous and insufficient, and its allegations of pre-suit knowledge of the '458 and '304 patents are based on implausible inferences*

AmPat's pre-suit willful and indirect infringement claims for the Asserted Patents should be dismissed because the Complaint does not plausibly allege pre-suit knowledge of any patent. AmPat's allegations of Qualcomm's knowledge of the Asserted Patents is premised upon citations to a subset of the Asserted Patents or their related applications in the prosecution records of Qualcomm's own patents.  *See*, *e.g.*, Complaint at ¶¶ 28-31, 46-47, 66-69.  But mere identification of a patent or its application during prosecution is insufficient to support an allegation of willful infringement.

Specifically, AmPat alleges that Qualcomm had pre-suit knowledge of the '782 patent based on (1) its citation as part of an obviousness rejection in an office action during the prosecution of one Qualcomm Inc. patent application, (2) citation by an examiner as a "reference made of record and not relied on" in another Qualcomm Inc. patent application, and (2) citation in IDSs in two other Qualcomm Inc. patent applications.  Complaint at ¶¶ 28-31.  Finding no similar history for the '458 patent, AmPat turns to inferences, instead of required facts, and alleges the same '782 patent citations provide knowledge for the '458 patent, a continuation of the '782 patent.

Complaint at ¶¶ 66-69.  This is despite the fact that three of the four relied on citations occurred *before* the '458 patent even issued.  *Id.* (alleging relevant citations occurred on Nov. 21, 2008, Apr. 6, 2009, Oct. 13, 2009, and Mar. 13, 2012 while the '458 patent issued on Apr. 27, 2010). For the '304 patent, AmPat alleges notice from a citation to the publication of an application that lead to the '304 patent in a Qualcomm Inc. patent application and inclusion of the '304 patent in multiple IDSs for other Qualcomm Inc. patent applications.  Complaint at ¶¶ 46-47.

Citation to an Asserted Patent—and in the case of the '458 patent, only to its parent— during prosecution, is insufficient to support allegations of indirect infringement or willfulness, particularly when Qualcomm owns tens of thousands of patents.  *See* https://assignment.uspto.gov/patent/index.html#/patent/search.[5]   Courts routinely hold that citations during prosecution in a limited number of occasions, when as here a corporation has thousands of patents, is insufficient to provide notice about a specific patent.  *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) ("At the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent."); *Spherix Inc. v. Juniper Networks, Inc.*, No. 14-cv-578, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015) ("The fact that the '123 patent was referenced during prosecution of two of defendant's over 1,700 patents is not compelling evidence of knowledge, i.e., that the patent was 'called to the attention' of defendant."); *Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1285 (W.D. Wash. 2008) ("Also, having 'knowledge' of a single patent only because it was cited during prosecution of two patents among thousands (and

---

[5] *See*, *supra*, at fn.2 (noting a court may take judicial notice of matters of public record).

then only through imputing that knowledge from Microsoft's attorneys) does not give Microsoft sufficient 'knowledge' to formulate the 'intent' required for inducement.").

Moreover, regarding citation to the application publication for the '304 patent, "[k]nowledge of a patent application alone is insufficient to demonstrate knowledge of the later issued patent." *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905455, at *5 (E.D. Tex. Oct. 23, 2019). "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985).

Specific to AmPat's allegations regarding the '458 patent, reference to a parent patent is insufficient to establish actual knowledge of its asserted child patent. *See Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, *5–*7 (N.D. Cal. 2012) (finding the accused infringer's knowledge of the pending patent application that led to the asserted patent and knowledge of other family related patents were insufficient to show actual knowledge of the asserted patent); *see also State Indus.*, 751 F.2d and 1236 ("What the scope of claims in patents that do issue will be is something totally unforeseeable.").

Thus, AmPat's allegations of Qualcomm's knowledge of the '782 patent and '304 patent based on limited prosecution citations fail at least due to the bulk of Qualcomm's patents. Similarly, AmPat's allegation of Qualcomm's knowledge of the '304 patent based on citation to its application publication and knowledge of the '458 patent based on citations to its parent patent also fail at least because such citations are "insufficient to demonstrate knowledge of the later issued patent." *Maxell*, 2019 WL 7905455, at *5. Accordingly, AmPat's allegations related to the Asserted Patents fail to plausibly support the conclusion that Qualcomm had pre-suit

- 10 -

knowledge of the Asserted Patents for the purposes of supporting allegations of willful infringement and indirect infringement.

> ### 2. AmPat's allegations of pre-suit knowledge of infringement of the Asserted Patents are insufficient

As an independent ground for dismissal of AmPat's pre-suit willful and indirect infringement claims, the Complaint does not plausibly allege that Qualcomm knew or should have known of conduct amounting to infringement of the Asserted Patents.

Willfulness requires knowledge of infringement and "[m]ere knowledge of the Asserted Patents is not enough." *BillJCo, LLC v. Apple Inc.,* No. 6:21-CV-00528-ADA, 2022 WL 299733, at *4 (W.D. Tex. Feb. 1, 2022) (citing *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (holding that knowledge of a patent and knowledge of infringement are "distinct elements")). Similarly, "[l]ike a willful infringement claim, indirect infringement claims require a showing that the accused infringer knew of its infringement." *BillJCo*, 2022 WL 299733, at *5 (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patents in suit and knowledge of patent infringement.")).

AmPat's pre-suit willful and indirect infringement claims recite no factual allegations that Qualcomm "knew, or should have known, that its conduct amounted to infringement of the" Asserted Patents. *Parity Networks*, 2019 WL 3940952, at *3. As described in the preceding section, AmPat's contention of knowledge based on the citation of patents and applications during Qualcomm's own prosecution is not sufficient to plausibly infer that Qualcomm knew of any Asserted Patent or the scope of its claims, much less that Qualcomm knew of alleged infringement

by any specific product.  And, as noted above, the Complaint does not allege any pre-suit notice of alleged infringement.

Absent knowledge of the alleged infringement, there can be no pre-suit willful or indirect infringement.  *Halo*, 136 S. Ct. at 1926 (a plaintiff must allege infringement was "intentional or knowing" to adequately plead willful infringement); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, No. 19-1239-CFC, 2020 WL 4365809, at *5 (D. Del. July 30, 2020) ("To state a claim for enhanced damages based on willful infringement, however, Dynamic Data must allege not only that [Amlogic] had knowledge of the asserted patents, but also that Amlogic had knowledge of its infringement of the asserted patents.").

Because the Complaint does not plausibly contend either Defendant had pre-suit knowledge of alleged infringement, AmPat's claims of pre-suit willfulness and indirect infringement should be dismissed.

### 3.    *AmPat has not alleged plausible facts of willful blindness by Defendants*

To the extent AmPat attempts to circumvent the knowledge requirement of willful and indirect infringement by alleging willful blindness, the allegations in the Complaint are insufficient and not plausible.

In lieu of actual knowledge, a plaintiff can state an allegation of pre-suit knowledge for willful or indirect infringement claims via a defendant's "willful blindness."  *See, e.g., Global-Tech v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (induced infringement, like contributory infringement, requires "knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement).  Willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact."  *Global-Tech*, 563 US 754 at 769.  "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a

high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id*.

AmPat's conclusory assertion that Qualcomm has "a policy or practice of not reviewing the patents of others" (Complaint at ¶ 99) fails to clear the hurdle of *Twombly* and *Iqbal*.  Even if such a policy existed and was plausibly pled—which Qualcomm does not concede[6]—case law from this Court and others confirms that an alleged policy of not reviewing third party patents is insufficient to plead willful blindness.  *See VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-0254-ADA, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) ("The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness."); *Nonend Inventions, N.V. v. Apple Inc.*, No. 2:15-cv-466-JRG, 2016 WL 1253740, at *2-3 (E.D. Tex. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) ("Motorola's policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness.' . . . [M]ore must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'") (citing *Global-Tech*, 563 U.S. at 769).

AmPat has not plausibly pled pre-suit knowledge of the Asserted Patents; has not alleged pre-suit knowledge of alleged infringement; and has not plausibly pled any willful blindness by Qualcomm.  Accordingly, AmPat's allegations of pre-suit willfulness and indirect infringement should be dismissed.[7]

---

[6] Indeed, the article AmPat cites in Paragraph 99 fails to mention the Defendants entirely.

[7] Defendants also contend that AmPat fails to allege any facts to support egregiousness required for willful infringement but understands this Court does not "impose an egregiousness pleading requirement."  *BillJCo*, 2022 WL 299733, at *6.

C.      **AmPat's Post-Suit Indirect Infringement Claims Should be Dismissed**

AmPat alleges two forms of indirect infringement—(i) induced infringement and (ii) contributory infringement—neither of which is sufficiently pled.

1.      *AmPat's induced infringement allegations fail to plead plausible facts of specific intent by Defendants*

To state an allegation of induced infringement, a plaintiff must also allege facts that plausibly show the alleged infringer had specific intent to induce patent infringement. *Affinity Labs*, 2014 WL 2892285, at *2; *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008).   A complaint that makes "bald conclusions" couched as facts to satisfy the elements of indirect infringement should be dismissed. *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. April 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement. In no way does the complaint detail how an end user would infringe Hypermedia's patents.").

In this case, AmPat has alleged that Qualcomm has induced infringement of the Asserted Patents by advising or directing users, advertising products, and distributing "instructions that guide users to use the accused product in an infringing manner."   Complaint at ¶ 77.   The Complaint does not identify any specific directions, advertising, or instructions that supposedly guide the user to infringe.   *Id*.   Rather, the allegations merely outline the activity that any business engages in (advertising, providing instructions), and not any specific intent to induce infringement of the Asserted Patents. The Western District of Texas, and other courts, have consistently dismissed induced infringement claims based on similar ordinary business actions that lack any specific connection to the allegedly infringing activity. *Joao Control*, 2015 WL 3513151, at *4;

*Parity Networks*, 2019 WL 3940952, at *2 (holding that to "adequately plead a claim of induced infringement" that "a plaintiff must allege a specific intent to induce infringement, which is 'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'"); *Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, No. 5:11-cv-163-XR, 2013 WL 2453267, at *5 (W.D. Tex. June 4, 2013) (stating that "guidance for the pleading requirements for indirect infringement, a court must look to *Twombly* and *Iqbal*" that "requires that the alleged infringer . . . possessed specific intent to encourage another's infringement").

Given the absence of specific and detailed factual allegations, AmPat's induced infringement claims should be dismissed for failing to allege any specific intent to induce another's infringement.

### 2. *AmPat's contributory infringement allegations fail to plead plausible facts of no substantial non-infringing uses by Defendants*

AmPat's contributory infringement allegations fail for all Asserted Patents because the allegation that components sold or imported by Defendants have no substantial non-infringing uses is belied by other facts pled in the Complaint. *Parity Networks*, 2019 WL 3940952, at *2 (for contributory infringement, a plaintiff must allege plausible facts to show "the products had no substantial noninfringing use"). "[T]he inquiry focuses on whether the accused products can be used for purposes *other than* infringement . . . . [w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (emphasis in original).

Despite AmPat's allegations of contributory infringement, the Complaint includes facts that establish substantial non-infringing uses. Indeed, the support in the Complaint used to allege

infringement by Defendants' 802.11n and 802.11ac enabling products actually demonstrates the products are capable of substantial non-infringing uses, such as enabling 802.11a/b/g.



Complaint at ¶¶ 18, 20, 25, 38, 43, 55, 59, 60 (red annotation in Complaint, highlighting added).

In short, AmPat's claim for post-suit contributory infringement, like its claim for induced infringement, should be dismissed because the Complaint itself demonstrates that the Accused Products include substantial non-infringing uses.

### D.     AmPat's Joint Infringement Claim Should be Dismissed

Regarding joint infringement, AmPat makes only threadbare recitals of the elements of the claim with no supporting facts:

> Qualcomm has directly infringed at least through its  making and use of the accused products through its own testing of the accused products, and through *joint infringement* with its affiliates, with its subsidiaries, with carriers, with retailers and other sales entities, with its business partners, with certification organizations, with testing organizations, with other agents of Qualcomm, and/or with its customers and end-users, at least making and using the claimed apparatus [or method]. *Such acts of infringement include directing or controlling other persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit from doing so*. Qualcomm's direction or control of its affiliates and end-users includes regularly contracting with those affiliates and end-users. Also, as explained further below, Qualcomm took active steps and advised or directed customers and end-users to make and/or use the accused products in an infringing manner.

Complaint at ¶¶ 27 (emphases added), 45 (for the '304 patent), 65 (for the '458 patent); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"[T]o meet the *Twombly/Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'" *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (quoting *Lyda*, 838 F.3d at 1339); *see also Lyda*, 838 F.3d at 1339 ("[A]llegations of joint infringement require elements beyond those for the more typical act of direct infringement.").

AmPat's joint infringement claims fail as a matter of law for all Asserted Patents because AmPat does not allege facts plausibly establishing (a) that any element of an asserted claim is performed by Qualcomm's affiliates and end-users, or (b) how Qualcomm purportedly controls the unnamed affiliates and end-users to perform any such claim element.  The Complaint's conclusory allegations of joint infringement fall far short of the *Twombly/Iqbal* plead standard and cannot be accepted as true.  *See, e.g., Bell Atl. Corp.*, 550 U.S. at 545 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a ***plaintiff's obligation*** to provide the 'grounds' of his 'entitlement to relief' ***requires more than labels and conclusions***, ***and a formulaic recitation of a cause of action's elements will not do***.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.") (emphases added).  For this reason, AmPat's allegations regarding joint infringement should be dismissed.

### E.      AmPat's Injunctive Relief Claim Should be Dismissed

The Complaint never attempts to plead facts to support injunctive relief, yet AmPat's

prayer for relief seeks a permanent injunction:

> American Patents requests that the Court find in its favor and against Qualcomm,
> and that the Court grant American Patents the following relief:
>
> * * *
>
> b. A permanent injunction enjoining Qualcomm and its officers, directors, agents,
> servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all
> others acting in concert therewith from infringement of the [Asserted Patents] . . .

Complaint at ¶ Prayer b.  This is the only reference to an injunction in the entire Complaint and is

insufficient.

Here, AmPat neither alleges that it will suffer irreparable harm nor address any other factor

of the  *eBay* test.  *eBay,* 547 U.S. at 391.  Absent such allegations, AmPat's claim for injunctive

relief must be dismissed.  *See M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372,

2018 WL 4620713, at *6 (S.D. Tex. July 31, 2018) (dismissing request for lost profits and a

permanent injunction with prejudice).

### F.      AmPat's Claim for Joint and Several Liability Should be Dismissed

AmPat's Complaint also fails to state a plausible basis for holding Qualcomm and its

affiliates "jointly and severally" liable.  AmPat's Complaint asserts broadly that "the Qualcomm

Defendants named above and their affiliates operate as a unitary business venture and are jointly

and severally liable for the acts of patent infringement alleged herein."  Complaint at ¶ 9.  But

"[j]oint and several liability is a theory of recovery which requires that plaintiffs . . . establish that

each defendant acted in concert to produce a single, indivisible injury."  *Florance*, 500 F. Supp.

2d at 627.  Thus, joint and several liability is only appropriate in a patent case where "infringement

results from the participation and combined or successive action of several parties." *FMC Corp. v. Up-Right, Inc.*, 816 F. Supp. 1455, 1461 (N.D. Cal. 1993).

Here, AmPat's Complaint does not even attempt to allege that Qualcomm acted "in concert with" its affiliates to produce "a single, indivisible injury" to AmPat. *Florance*, 500 F. Supp. 2d at 627. AmPat's request for joint and several liability does not plead any supporting facts, much less any that make this claim "plausible on its face.'" *Iqbal*, 556 U.S. at 678. AmPat's claim for joint and several liability should be dismissed.

## IV.    CONCLUSION

AmPat's claims for pre-suit damages, pre-suit willful and indirect infringement, post-suit indirect infringement, joint infringement, joint and several liability, and injunctive relief should be dismissed in their entirety for failure to properly plead those claims.

Dated:  September 22, 2022         Respectfully submitted,

        By:     /s/ Richard S. Zembek

        Richard S. Zembek (SBN 00797726)
        richard.zembek@nortonrosefulbright.com
        **NORTON ROSE FULBRIGHT US LLP**
        Fulbright Tower
        1301 McKinney, Suite 5100
        Houston, Texas 77010-3095
        Tel:     (713) 651-5151
        Fax:     (713) 651-5246

        Eric C. Green (SBN 24069824)
        Eric.green@nortonrosefulbright.com
        **NORTON ROSE FULBRIGHT US LLP**
        98 San Jacinto Boulevard, Suite 1100
        Austin, Texas 78701
        Tel:     (512) 474-5201
        Fax:     (512) 536-4598

        **COUNSEL FOR DEFENDANTS QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to the Local Rule CV-7(G) and Section VII of the Standing Order Governing Proceedings 4.2 (Sept. 16, 2022), counsel for the Defendants met and conferred with counsel for the Plaintiff.  On September 20, 2022, counsel for the Plaintiff indicated that the Plaintiff opposes the relief sought by this motion, particularly as to willful and indirect infringement.

By:     */s/ Eric C. Green*
          Eric C. Green


## CERTIFICATE OF SERVICE

I certify that on September 22, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/   Catherine Garza*
          Catherine Garza