**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case. No. 6:22-CV-774-ADA-DTG |
| QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS QUALCOMM INCORPORATED'S AND QUALCOMM
TECHNOLOGIES, INC'S OPPOSED MOTION FOR TRANSFER**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1
II. FACTUAL BACKGROUND .................................................................................................. 1
    A. AmPat Accuses Functionality Researched and Designed in California ......................... 1
    B. Qualcomm's Likely Witnesses and Documents are Located in California ..................... 2
    C. AmPat Has No Connections to the Western District of Texas ........................................ 4
    D. No Potential Third-Party Witnesses or Evidence are Located in WDTX ....................... 4
    E. Related Cases Pending Within the WDTX ...................................................................... 5
III. STATEMENT OF THE LAW ................................................................................................ 5
IV. THE TRANSFER ANALYSIS FAVORS NDCA OR, ALTERNATIVELY, SDCA ........ 6
    A. These Actions Could Have Been Brought in NDCA OR SDCA .................................... 7
    B. The Private Interest Factors Favor Transfer .................................................................... 8
        1. Convenience and Cost for Willing Witnesses Strongly Favors Transfer ..................... 8
        2. Relative Ease of Access to Sources of Proof Strongly Favors Transfer....................... 9
        3. Availability of Compulsory Process Favors Transfer................................................. 11
        4. Other Practical Factors Are Neutral............................................................................ 12
    C. The Public Interest Factors Favor Transfer ................................................................... 13
        1. Local Interest in Adjudicating Local Disputes Favors Transfer................................. 13
        2. Administrative Difficulties Flowing from Court Congestion is Neutral ................... 14
        3. Familiarity With the Law, and Avoidance of Conflicts Factors Are Neutral............. 15
V. CONCLUSION....................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acer America Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010) ..................................................................................9, 13

*American Patents LLC v Hewlett Packard Enterprise Co.*,
   No. 4:19-cv-798-ALM, Dkt. 40 (E.D. Tex. Mar. 26, 2020) .............................................4

*American Patents LLC v. NXP Semiconductors NV, et al.*,
   Case No. 6-22-cv-00771-ADA (W.D. Tex.) ................................................................5, 13

*In re: Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) ........................................................................................13

*In Re: FedEx Corporate Servs., Inc.*,
   Case No. 22-156, 2022 WL 10887770 .................................................................8, 9, 13

*Fintiv, Inc. v. Apple Inc.*,
   No. 6:18-CV-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ....................8

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ..................................................................5, 8, 9, 12, 14

*Gesture Tech. Partners, LLC v. Apple Inc.*,
   No. 6:21-cv-121-ADA, 2022 WL 3592451 (W.D. Tex. Aug. 22, 2022) .....................7, 14

*In re Google Inc.*,
   No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ............................................12

*In re Google LLC*,
   No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) .....................................9, 14

*In re Google LLC*,
   No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) .......................................10, 14

*In re Google LLC*,
   No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .........................................10

*In re Hulu, LLC*,
   No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) .............................12, 14, 15

*LBT IP II LLC v. Uber Techs., Inc.*,
   No. 6:21-CV-1210-ADA, 2022 WL 2541355 (W.D. Tex. July 6, 2022) ....................9, 10

*LED Wafer Solutions, LLC v Samsung Elecs. Co., Ltd.*,
   No. 6:21-cv-292-ADA, Dkt. 95 (W.D. Tex. Aug. 22, 2022) .............................................7

*Motion Offense, LLC v. Google LLC*,
   No. 6:21-cv-514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022) ..................7, 10, 14

*In re Nintendo, Co. Ltd*,
  589 F.3d 1194 (Fed. Cir. 2009)..................................................................................6, 8, 9

*In re Samsung Elecs. Co., Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021), *cert. denied sub nom. Ikorongo Texas LLC v.
  Samsung Elecs. Co.*, 212 L. Ed. 2d 540, 142 S. Ct. 1445 (2022) ......................................12, 14

*In re Toa Techs., Inc.*,
  543 F. App'x 1006 (Fed. Cir. 2013) ..........................................................................................9

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014)................................................................................................12

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)................................................................................5, 6, 15

*VoIP-Pal.com, Inc. v. Google LLC*,
  No. 6:20-cv-269-ADA, 2022 WL 4546553 (W.D. Tex. Sept. 21, 2022) .................................7

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ................................................................................1, 6, 8, 9

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ........................................................................6, 9, 11, 12

*XR Commc'ns, LLC v. Google LLC*,
  No. 6:21-cv-625-ADA, 2022 WL 3702271 (W.D. Tex. Aug. 26, 2022) .................................7

**Rules and Statutes**

28 U.S.C. § 1400................................................................................................1. 5,6, 7

Fed. R. Civ. P. 45(c)(1).........................................................................................................11

Pursuant to 28 U.S.C. § 1404(a), Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Defendants" or "Qualcomm") moves the Court to transfer this case to the Northern District of California ("NDCA") or alternatively, to the Southern District of California ("SDCA").

## I. INTRODUCTION

The NDCA (and the SDCA) are clearly more convenient venues for this case than the Western District of Texas ("WDTX"). The Defendants, known witnesses, and evidence are in California, split between NDCA and SDCA. The research and design of the accused MIMO functionality is centered in Qualcomm's California offices and internationally, not in WDTX. Further, American Patents LLC ("AmPat") also has no connection to WDTX with its headquarters in Tyler, Texas. As such, all the key *Volkswagen* factors favor transfer to California, either to NDCA or, alternatively, to SDCA and none favor keeping this case in WDTX.

## II. FACTUAL BACKGROUND

### A. AmPat Accuses Functionality Researched and Designed in California

AmPat's Complaint and Preliminary Infringement Contentions accuse functionality related to "Multi-Input, Multi-Output (MIMO) technology [including] a solution for achieving both time and frequency synchronization in MIMO systems" ("Accused Functionality") in certain of Qualcomm's products that enable us of "IEEE 802.11n/ac Wi-Fi standards" ("Wi-Fi Accused Products"), "LTE standards" ("LTE Accused Products"), and "5G standards" ("5G Accused Products") (collectively "Accused Products").[1] Dkt. 1 (Complaint) at ¶ 15. AmPat's Infringement Contentions allege infringement by 132 Wi-Fi Accused Products, 131 LTE Accused Products, and

---

[1] AmPat alleges infringement of U.S. Patent Nos. 7,088,782 ("the '782 Patent"); 7,310,304 ("the '304 Patent"); and 7,706,458 ("the '458 Patent") (collectively, "Asserted Patents").

44 5G Accused Products.  Garza Decl., ¶¶ 2, 3, Exs. A, 1.  AmPat's Complaint does not allege that the Accused Functionality is researched or designed in Texas.

### B. Qualcomm's Likely Witnesses and Documents are Located in California

Qualcomm is headquartered in, and its U.S. operations are based in, California.  Multiple offices are located in California, including locations in Santa Clara and San Diego.  Simon Decl., ¶¶ 8–9.  As of November 2022, approximately 13,830 of Qualcomm entities' regular U.S.-based employees are based in California (representing approximately 85% of Qualcomm entities' U.S.-based employees), with approximately 1,870 based in NDCA, but only approximately 550 (about 4%) of Qualcomm entities' regular U.S.-based employees are in Texas.  Simon Decl. ¶¶ 8–10.

Pertinent to this case and the present motion, the groups that research and design the Accused Functionality are principally located in California and not in Texas.  Specifically, teams responsible for the research and design of algorithms relating to the Accused Functionality above for the Wi-Fi Accused Products include the Wi-Fi systems teams, hardware teams, and software teams principally based at Qualcomm's California offices in Santa Clara and San Diego.  Simon Decl., ¶ 15.  Additionally, the teams responsible for the research and design of algorithms relating to the Accused Functionality for the LTE Accused Products and 5G Accused Products include the 5G and LTE systems teams, hardware teams, and software teams principally based in Qualcomm's Santa Clara, California offices; San Diego, California offices; the northeast U.S.; or outside the U.S.  Ciotta Decl., ¶ 7.  U.S.-based finance personnel for Qualcomm related to the Accused Products also are in California.  Simon Decl., ¶ 16; Ciotta Decl., ¶ 8.  Consistent with this, AmPat's Complaint is devoid of any allegation that the Accused Functionality was researched and designed in Texas, let alone in WDTX.

In contrast to the numerous relevant Qualcomm teams and employees identified in California, Qualcomm has not identified employees in WDTX or anywhere in Texas responsible

for the research and design of the algorithms related to the Accused Functionality in the Accused Products. Simon Decl., ¶¶ 17–21; Ciotta Decl., ¶¶ 9–15. While Qualcomm does have some personnel in Texas, none of the employees who work at the Qualcomm offices in Austin, Dallas/Addison, and Richardson are responsible for the research and design of algorithms for the Accused Functionality within the Accused Products. Simon Decl., ¶¶ 17–21; Ciotta Decl., ¶¶ 9–15. Employees in Qualcomm's Austin facility are primarily involved in design of digital signal processors, employees in Qualcomm's Richardson facility are primarily involved in design of radio frequency integrated circuits, and employees in Qualcomm's Dallas/Addison facility are primarily involved in design of position location technology. Simon Decl., ¶¶ 17, 19; Ciotta Decl., ¶¶ 11, 13, 14.

The electronic and paper records that may be relevant to the Accused Functionality are located in and accessible from California. Simon Decl., ¶ 22; Ciotta Decl., ¶ 16. The financial data relating to the Accused Products also are accessible from California. Simon Decl., ¶ 16; Ciotta Decl., ¶ 8. Qualcomm has not identified any relevant documents that were generated in or are locally stored in WDTX or anywhere in Texas.

Moreover, in its Complaint, AmPat identified seven Qualcomm patents as purportedly relevant to AmPat's claims in this litigation.[2] Complaint, ¶¶ 28–31, 46–48, 66–69.[3] Those seven patents name 14 Qualcomm inventors.[4] Nine of the named Qualcomm inventors are still working

---

[2] Qualcomm disputes the relevance of these patents in its Motion for Partial Dismissal. Dkt. 18.

[3] The Complaint references the following U.S. Patent Nos.: 8,103,726; 7,558,245; 8,743,837; 8,457,232; 8,000,221; 9,031,122; and 9,967,005. Garza Decl., ¶ 4, Ex. 2 (cover pages).

[4] These seven patents list the following inventors: Rajiv Laroia, Junyi Li, Sundeep Rangan, Hemanth T. Sampath, Jay Rodney Walton, Mark S. Wallace, John Ketchum, Steven Howard, Vincent K. Jones, Seguei A. Glazko, Shimman Patel, Kuei-Chiang Lai, Albert van Zelst, and Didier Johannes Richard van Nee. *See id*.

for Qualcomm, with four inventors located in California, three located in New England, and two located internationally. Simon Decl., ¶¶ 23–25. For the five named inventors that are no longer employed by Qualcomm, one resides in California, three reside in New England, and one resides internationally. Garza Decl., ¶ 5, Ex. 3. Importantly, none of the inventors for the Qualcomm patents identified by AmPat in the Complaint reside in WDTX or Texas.

### C. AmPat Has No Connections to the Western District of Texas

American Patents is a Texas LLC based in Tyler, Texas. Dkt. 1, ¶ 1. By its own admission, AmPat was formed by Jon Rowan, an attorney who manages the company from his office in Tyler. *American Patents LLC v Hewlett Packard Enterprise Co.*, No. 4:19-cv-798-ALM, Dkt. 40 at 6 (E.D. Tex. Mar. 26, 2020). Mr. Rowan was born and raised in Tyler, and he lives and works there now. *Id*. Sam Greenberg is the only other investor in AmPat. *Id.* Mr. Greenberg was also born, raised, lives, and works in the Eastern District of Texas. *Id.*

### D. No Potential Third-Party Witnesses or Evidence are Located in WDTX

Authors of relevant prior art are also primarily based in California, Washington, or outside the U.S. Garza Decl., ¶¶ 6–11, Ex. 4–9. For example, Defendants have identified at least 17 prior art patents and patent publications that are material to the patentability of the Asserted Patents that have at least 13 inventors and authors, who are not Qualcomm employees, that live and/or work in California. Garza Decl., ¶¶ 6–7, Exs. 4, 5. The vast majority of the remaining inventors largely on this art are located throughout Washington, Canada, and Germany. Garza Decl., ¶ 6, Ex. 4. As an additional example, participants in working groups that authored certain IEEE standards that constitute prior art to the Asserted Patents, such as IEEE Std 802.11a-1999 (working group member Stuart J. Kerry) and IEEE 802.16 3c-01/31r2 (working group member John Langley), are located in California. Garza Decl., ¶¶ 8–9, Exs. 6, 7. And, the authors of publications that Defendants contend are material

to the patentability of the Asserted Patents—John M. Cioffi and G.G. Raleigh—are California residents. Garza Decl., ¶¶ 10–11, Exs. 8, 9.

Other potentially relevant witnesses and sources of evidence are located neither in WDTX nor Texas. For example, the two inventors of the Asserted Patents appear to reside in Atlanta, Georgia, which is also the location of the original assignee of the Asserted Patents, Georgia Tech Research Corp. Garza Decl., ¶ 12, Ex. 10. Scott A. Horstemeyer, who prosecuted the Asserted Patents, is located in Atlanta. Garza Decl., ¶ 13, Ex. 11. And, as discussed in Section II.B above, inventors for the Qualcomm patents cited in the Complaint that are no longer Qualcomm employees do not reside in Texas. Garza Decl., ¶¶ 4–5, Exs. 2, 3.

### E.     Related Cases Pending Within the WDTX

There is one related case pending within the WDTX, *American Patents LLC v. NXP Semiconductors NV, et al.*, Case No. 6-22-cv-00771-ADA (W.D. Tex.). Recently, the parties to this related case sought and received a stay in light of a pending settlement. *Id.* at Dkt. 46 at 1 ("Plaintiff and Defendants have reached resolution in in principle.").

### III.    STATEMENT OF THE LAW

Section 1404(a) provides that a district court may transfer a civil action to any district in which it might have been filed "[f]or the convenience of parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). Fifth Circuit law, as applied by the Federal Circuit, governs the transfer analysis. *See In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (applying Fifth Circuit law to transfer analysis); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (same). Plaintiff's venue choice is not a factor to be considered in this analysis: "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *TS Tech*, 551 F.3d at 1320.

The initial inquiry when analyzing a case's eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold is met, the convenience determination turns on assessing four private interest and four public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The private interest factors include: (1) the relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen II*, 545 F.3d at 315; *In re Nintendo, Co. Ltd*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *TS Tech*, 551 F.3d at 1319. The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315.

## IV. THE TRANSFER ANALYSIS FAVORS NDCA OR, ALTERNATIVELY, SDCA

In this case, this action could have been brought in NDCA or SDCA; four of the § 1404(a) factors favor transfer; the remainder are neutral; and not a single relevant factor favors WDTX.

| Factor | More Convenient District |
|---|---|
| 1. Relative ease of access to sources of proof | NDCA or SDCA |
| 2. Cost of attendance for willing witnesses | NDCA or SDCA |
| 3. Availability of compulsory process to secure the attendance of witnesses | NDCA or SDCA |
| 4. All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| 5. Administrative difficulties flowing from court congestion | Neutral |
| 6. Local interest in having localized interests decided at home | NDCA or SDCA |

| Factor | More Convenient District |
|---|---|
| 7. Familiarity of the forum with the law that will govern the case | Neutral |
| 8. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law | Neutral |

This Court has recently granted motions to transfer to California under similar circumstances. *See, e.g., Motion Offense, LLC v. Google LLC*, No. 6:21-cv-514-ADA, 2022 WL 5027730, at *4, *10 (W.D. Tex. Oct. 4, 2022) (finding four factors favor transfer, two weighed against transfer, and two were neutral); *VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-269-ADA, 2022 WL 4546553, at *3–8 (W.D. Tex. Sept. 21, 2022) (finding three factors favor transfer, one weighed against transfer, and four were neutral); *XR Commc'ns, LLC v. Google LLC*, No. 6:21-cv-625-ADA, 2022 WL 3702271, at *10 (W.D. Tex. Aug. 26, 2022) (finding four factors favor transfer and four were neutral); *LED Wafer Solutions, LLC v Samsung Elecs. Co., Ltd.*, No. 6:21-cv-292-ADA, Dkt. 95 at 18 (W.D. Tex. Aug. 22, 2022) (finding three factors favor transfer, one weighed against transfer, and four were neutral); *Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6:21-cv-121-ADA, 2022 WL 3592451, at *2–6 (W.D. Tex. Aug. 22, 2022) (finding three factors favor transfer, one weighed against transfer, and four were neutral). Accordingly, transfer to NDCA or, alternatively, to SDCA is appropriate.

A.     **These Actions Could Have Been Brought in NDCA OR SDCA**

The venue statute for patent litigation provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Because Qualcomm has used the accused products in its principal places of business in both NDCA and SDCA, AmPat could have brought suit in either District. Accordingly, the initial inquiry is satisfied.

B.     **The Private Interest Factors Favor Transfer**

Despite the fact that Qualcomm has a facility in Austin, the Accused Functionality was substantially researched and designed in California. Accordingly, cost of attendance for willing witnesses, access to sources of proof, and availability of compulsory process for unwilling witnesses all favor transfer.

1.     Convenience and Cost for Willing Witnesses Strongly Favors Transfer

The convenience and cost of witness attendance is "the single most important factor in the transfer analysis." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *6 (W.D. Tex. Sept. 13, 2019). The question is not whether "all of the witnesses" reside in the transferee forum, but whether a "substantial number" are there. *Genentech*, 566 F.3d at 1345. When a substantial number of party and non-party witnesses live in the transferee forum, while few live in the plaintiff's chosen forum, transfer should be ordered. *See id*. at 1342–45; *Nintendo*, 589 F.3d at 1198 ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."). A court should properly consider party and non-party witnesses when analyzing this factor. *See Volkswagen I*, 371 F.3d at 204; *In Re: FedEx Corporate Servs., Inc.*, Case No. 22-156, 2022 WL 10887770, at fn.2 (Fed. Cir. Oct. 19, 2022).

As an initial matter, a significant number of witnesses with relevant knowledge are located in the proposed transferee forums, while no party has identified witnesses—let alone a group of witnesses comparable to those in the transferee forums—in WDTX. None of the Plaintiff, named inventors, original assignee, nor prosecuting attorneys are located in WDTX. *See supra* Section II.D. Qualcomm's likely witnesses are located in California. *See supra* Section II.B. Likely witnesses with knowledge relevant to the Accused Functionality and Accused Products are located

primarily in NDCA and SDCA. *See supra* Section II.B. Witnesses in NDCA and SDCA are a freeway commute away from the respective San Francisco, San Jose, or San Diego courthouses. Even within California, witnesses would be able to travel on multiple daily non-stop, and comparatively short, flights between San Diego and San Jose or San Francisco (using any of three major airports). Garza Decl., ¶ 14, Ex. 12. Conversely, the numerous California-based witnesses would be required to travel over 1,500 miles from California to Austin or Dallas and then drive to Waco. The difference between NDCA and Waco for a California-based witness means spending hours away from home and work, instead of days. Significant travel burdens are often cited as a key reason why transfer is appropriate. *See, e.g., Volkswagen II*, 545 F.3d at 317; *LBT IP II*, 2022 WL 2541355, at *5; *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) ("*Google III*") ("While it is true that the witnesses in the Northern District of California are largely affiliated with the parties, that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify."); *FedEx*, 2022 WL 10887770, at fn.2. Increased length of travel also imposes additional burdens, such as meal and lodging expenses that should be considered. *Volkswagen I,* 371 F.3d at 204–05; *see also In re Acer America Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010).

2. Relative Ease of Access to Sources of Proof Strongly Favors Transfer

Access to sources of proof is easier in either NDCA or SDCA than in WDTX. Evidence in a patent infringement case typically comes from the accused infringer.[5] *See Nintendo*, 589 F.3d

---

[5] The physical location of documents and evidence remains a factor despite advances in copying and electronic data transfer technologies. *Genentech*, 566 F.3d at 1345–46; *In re Toa Techs., Inc.*, 543 F. App'x 1006, 1008–09 (Fed. Cir. 2013) (finding arguments that "digital information is 'effectively stored everywhere, including the Eastern District of Texas' . . . does not negate the significance of having trial closer to where [the relevant witnesses] physical documents and employee notebooks are located" because "[t]he critical inquiry 'is relative ease of access, not absolute ease of access'"); *Volkswagen II*, 545 F.3d at 316 (the fact that "access to some sources

at 1199; *see also In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) ("*Google I*"). Here, the relevant party possessing technical and other relevant documents is predominately Qualcomm.

When evaluating this factor "it is erroneous not to consider: 'the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval.'" *LBT IP II LLC v. Uber Techs., Inc.*, No. 6:21-CV-1210-ADA, 2022 WL 2541355, at *2 (W.D. Tex. July 6, 2022) (quoting *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *7 (Fed. Cir. Nov. 15, 2021) ("*Google II*")). Because research and design of the Accused Functionality takes place at Qualcomm's California facilities, relevant technical documents, including source code, are generated and located in NDCA and SDCA. *See supra* Section II.B. Moreover, relevant Qualcomm documents related to financial information for the Accused Qualcomm Products are also generated and located in NDCA and SDCA. *See supra* Section II.B.

WDTX is much less convenient for the purposes of this analysis because a substantial number of Qualcomm's relevant engineers are located in California. Additionally, while there are relevant Qualcomm employees and associated documents outside of **both** California and WDTX, this Court recognizes that the location of such evidence does not weigh against transfer. *Motion Offense*, 2022 WL 5027730, at *6 ("the fact that some evidence is stored in places outside both forums does not weigh against transfer") (quoting *Google I*, 2021 WL 4592280, at *7).

AmPat also does not appear to have any documents in WDTX. AmPat's two investors reside in Tyler, TX, and AmPat's principal place of business is likewise located in Tyler. *See supra* Section II.C.

---

of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous").

Accordingly, as between WDTX and NDCA or SDCA, this private interest factor weighs heavily in favor of transfer.

### 3. Availability of Compulsory Process Favors Transfer

This factor addresses the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Volkswagen II*, 545 F.3d at 316. The Federal Rules permit a court to subpoena a witness to attend trial only "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1).

Qualcomm has identified third parties located in California who are likely to have knowledge relevant to this case and may require a subpoena to compel their attendance at trial. Specifically, Qualcomm's investigation into material prior art has identified 16 inventors and authors that appear to reside in California. *See supra* Section II.D. Of those, 14 are within 100 miles of the San Francisco Courthouse in NDCA, one is within 100 miles of the San Diego Courthouse in SDCA, and one does not appear to be within 100 miles of either courthouse. *Id.*.

While it is unclear if the named inventors and prosecuting attorney would be unwilling and require a subpoena to compel attendance at trial, as discussed above, the named inventors of the Asserted Patents and the prosecuting attorney are located in Atlanta, Georgia—more than 100 miles from both California and WDTX. *See supra* Section II.D.

Therefore, this factor weighs in favor of transfer. *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021), *cert. denied sub nom. Ikorongo Texas LLC v. Samsung Elecs. Co.*, 212 L. Ed. 2d 540, 142 S. Ct. 1445 (2022) ("Even if not all witnesses testify, with nothing on the other side of the ledger, the factor strongly favors transfer."); *see Genentech*, 566 F.3d at 1345

(concluding that compulsory-process factor "weighs in favor of transfer" where "there is a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the Eastern District of Texas"); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021) ("[W]here, as here, the movant has identified multiple third-party witnesses and shown that they are overwhelming located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness."). Thus, this factor favors transfer.

### 4. Other Practical Factors Are Neutral

Other practical factors relate to the ease, expense, and expediency of trial. *See Volkswagen II*, 545 F.3d at 315–17. This case is in its infancy. The Court has not decided any substantive motions, the claim construction process has not yet begun, Qualcomm has not yet provided invalidity contentions, and a scheduling order has only recently been entered. Transferring this case to NDCA or, alternatively, SDCA does not pose a risk of any meaningful delay.

There remains one co-pending action in this District. *See supra* Section II.E. However, the existence of co-pending cases alone cannot dominate the transfer analysis. The Federal Circuit has expressly rejected the idea that the "mere co-pendency of related suits in a particular district automatically tip[s] the balance in non-movant's favor." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) ("*Google IV*"); *see also In re Toyota Motor Corp.*, 747 F.3d 1338, 1340–41 (Fed. Cir. 2014) (granting defendants' transfer motion even though there were co-pending related cases in the transferor district).

Further, it is also unlikely that the presently co-pending case will result in active litigation. In this round of litigation, AmPat filed suit against four defendants in this District, but at least two appear to have already either terminated or settled (ON Semiconductor, 6:22-cv-00772; Renesas, -00773). Moreover, the parties in the remaining co-pending case have reached a settlement in

principle and the case is stayed pending resolution. *American Patents LLC v. NXP Semiconductors NV, et al.*, Case No. 6-22-cv-00771-ADA, Dkt. 46 (W.D. Tex. Oct. 25, 2022). This is consistent with the prior cases filed by American Patents in this District, which have all concluded before the Court held a Markman hearing.

Accordingly, this private interest factor is neutral

### C. The Public Interest Factors Favor Transfer

The public interest factors favor transfer to NDCA or, alternatively, SDCA. Unlike WDTX, California has a strong connection to, and local interest in, this case. The remaining factors such as court congestion and familiarity with the law are neutral.

#### 1. Local Interest in Adjudicating Local Disputes Favors Transfer

California has a stronger local interest in this litigation than WDTX. "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and ***the events that gave rise to a suit***.'" *In re: Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (quoting *Acer*, 626 F.3d at 1256) (emphasis in original); *see also FedEx*, 2022 WL 10887770, at *2 (Fed. Cir. Oct. 19, 2022) (finding error where district court incorrectly concluded the plaintiff's "general presence in Texas and mere ownership of the patents" reflected a local interest sufficient to outweigh the defendants' home forum "where accused products were researched, designed, developed, and maintained by individuals who continue to live and work in that community"). The Court must consider "where 'the accused products were designed and developed.'" *Motion Offense*, 2022 WL 5027730, at *13 (quoting *Google III*, 2021 WL 4427899, at *6). Additionally, "the Federal Circuit has long held that 'the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue.'" *Id.* (quoting *Google I*, 2021 WL 4592280, at *6).

This factor weighs in favor of transfer. Qualcomm's strongest presence is in California, and the events giving rise to this case have "significant connections" with NDCA and SDCA. Qualcomm's work on the research and design of the Accused Functionality related to the Accused Products occurs predominately in NDCA and SDCA, where a significant number of employees are based. *See supra* Section II.B. Thus, NDCA and SDCA both have a strong local interest in this matter because the research and design of the accused products in the transferee forum are "significant factors" that provide "a legitimate interest in adjudicating the cases 'at home.'" *Samsung*, 2 F.4th at 1380 (citing *Apple*, 979 F.3d at 1344–45).

### 2. Administrative Difficulties Flowing from Court Congestion is Neutral

This factor—the consideration of administrative difficulties flowing from court congestion—is neutral. Court congestion is considered "the most speculative" factor, and "the speed of the transferee district court should not alone outweigh all [] other factors." *Genentech*, 566 F.3d at 1347; *see also Hulu,* 2021 WL 3278194, at *5. Rather, courts should consider "the close similarity of cases per judgeship and average time to trial of the two forums, [while] disregarding the particular district court's ability to push an aggressive trial date." *Hulu*, 2021 WL 3278194, at *5.

The caseloads in the proposed transferee forum, the alternative forum, and this Court are as follows:[6]

| Forum | Open Patent Cases per Judgeship | Patent Cases Median Time to Trial |
|---|---|---|
| NDCA | 19 | 866 |
| SDCA | 3 | 897 |
| This Court | 753 | 723 |

---

[6] *See* Ex. 13 (Lex Machina reports showing case statistics for NDCA, SDCA, and WDTX) (accessed Nov. 3, 2022).

Judges in NDCA have much lower patent caseloads than this Court. The median time-to-trial for patent cases in NDCA and SDCA are 866 and 897 days respectively, compared to 732 days for this Court. *See* Garza Decl., ¶ 15, Ex. 13. And, although patent cases typically reach trial sooner in WDTX, "a court's general ability to set a fast-paced schedule is not particularly relevant to the court congestion factor." *Hulu*, 2021 WL 3278194, at *5 (internal quotes omitted). Given the fact that this factor is "speculative," the caseloads in NDCA and SDCA, and the time-to-trial statistics, this factor is neutral.

       3.  <u>Familiarity With the Law, and Avoidance of Conflicts Factors Are Neutral</u>

The remaining public interest factors are neutral given that federal patent law will apply to this case. *See TS Tech*, 551 F.3d at 1320 (finding that the transferee and transferor courts were both "capable of applying patent law to infringement claims").

**V.**  **CONCLUSION**

This case has no ties to WDTX. All the private and public factors either favor transfer or are neutral. Accordingly, Qualcomm respectfully requests that the Court transfer this case to NDCA or, alternatively, SDCA.

November 3, 2022                              Respectfully submitted,

        */s/ Richard S. Zembek*

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246

Eric C. Green (SBN 24069824)
Eric.green@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel:   (512) 474-5201
Fax:   (512) 536-4598

**COUNSEL FOR DEFENDANTS QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for the parties have conferred and the plaintiff is opposed to this motion.

By:   */s/ Catherine Garza*
      Catherine Garza

## CERTIFICATE OF SERVICE

I certify that on November 3, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By:   */s/ Catherine Garza*
      Catherine Garza